UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARBARA BARRETT,

    Plaintiff,

    v.

POPULAR INC., *et al.*,

    Defendants.

Case No. C07-0637RSL

ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION

## I. INTRODUCTION

This matter comes before the Court on a motion for a preliminary injunction (Dkt. #2) filed by plaintiff Barbara Barrett, who is proceeding *pro se*. Plaintiff seeks to enjoin defendants from enforcing a currently scheduled trustee's sale of her home on June 22, 2007. Defendants, most of whom have not yet been served, have not responded to the motion.[1]

For the reasons set forth below, the Court denies preliminary injunctive relief.

## II. DISCUSSION

Plaintiff alleges that on February 6, 2007, defendants caused to be served on plaintiff a Notice of Default dated January 31, 2007 claiming five months delinquency on her mortgage from October 1, 2006 through January 31, 2007. Plaintiff disputed the Notice in a letter to

---

[1] The Court did not consider plaintiff's sur-reply, which does not comply with Local Rule 7(g).

ORDER DENYING MOTION FOR
A PRELIMINARY INJUNCTION - 1

defendants and also sent a written letter of complaint to the Washington State Attorney General's office.

On March 24, 2007, plaintiff received two copies of a Notice of Trustee's Sale dated February 23, 2007 for a piece of real property located in California, which was apparently sent in error. Plaintiff subsequently "discovered" that a Notice of Trustee's sale had been filed in King County on her home in Washington, with a scheduled sale date of June 22, 2007. Plaintiff argues that the Notice was never served on her by regular mail as required by state statute.

A party is entitled to preliminary injunctive relief when it demonstrates (1) the combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions regarding the merits and the balance of hardships tips sharply in its favor. See Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992). Each of these tests "requires an examination of both the potential merits of the asserted claims and the harm or hardships faced by the parties." Sammartano v. First Judicial Dist. Court, in and for County of Carson City, 303 F.3d 959, 965 (9th Cir. 2002). These are not separate tests, but rather represent a continuum of equitable discretion "in which the required probability of success on the merits decreases as the degree of harm increases." Westlands Water Dist. v. Natural Res. Def. Council, 43 F.3d 457, 459 (9th Cir. 1994).

As an initial matter, the record does not show that plaintiff has served any of the defendants with both her complaint and this motion except for defendant Lawyers Title Insurance Corporation. Therefore, plaintiff is not entitled to an injunction against the other defendants. As for Lawyers Title Insurance Corporation, plaintiff has not shown a likelihood of success on the merits. Although plaintiff disputes the amount owed, she concedes that one of her payments was insufficient by an amount still owed. She also concedes that she made one of the monthly payments late. Nor has plaintiff shown a likelihood of irreparable injury absent an injunction. Although the potential loss of her home is certainly extreme, plaintiff has other remedies available to prevent that loss. As set forth in the Notice of Default, plaintiff could pay

ORDER DENYING MOTION FOR
A PRELIMINARY INJUNCTION - 2

the amount owed by June 11, 2007 to halt the sale.  Plaintiff has not shown that she is unable to pay the amount allegedly owed.  Although doing so would require plaintiff to pay more than she believes she owes, it would halt the sale and result in solely an economic injury to her.  Economic injury, by itself, does not constitute irreparable harm.  <u>See, e.g.</u>, <u>Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.</u>, 944 F.2d 597, 603 (9th Cir. 1991) (explaining that "economic injury alone does not support a finding of irreparable harm").  Furthermore, plaintiff may seek to restrain the sale by following the procedures set forth in RCW 61.24.130.  She has not explained why she has not done so.

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES the motion for preliminary injunctive relief (Dkt. #2).

DATED this 7th day of June, 2007.


/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge