UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARBARA BARRETT,

    Plaintiff,

  v.

POPULAR INC., *et al.*,

    Defendants.

Case No. C07-0637RSL

ORDER DENYING MOTION FOR RECONSIDERATION AND FOR A TEMPORARY RESTRAINING ORDER

This matter comes before the Court on a motion for reconsideration[1] (Dkt. #15) filed by plaintiff Barbara Barrett, who is proceeding *pro se*. Plaintiff seeks reconsideration of the Court's June 7, 2007 order denying her motion for a preliminary injunction. Plaintiff also seeks a temporary restraining order ("TRO"), pending a ruling on the motion for reconsideration, enjoining defendants from enforcing a currently scheduled trustee's sale of her home on June 22, 2007.

Plaintiff alleges that the Court erred in denying her prior motion based in part on the finding that the record did not show that plaintiff had served any of the defendants with both her complaint and this motion except for defendant Lawyers Title Insurance Corporation. Plaintiff re-submits her summonses, but those do not support her claim that she served the other

---

[1] Plaintiff's 28-page motion for reconsideration well exceeds the 6-page limit set forth in the Local Rules.

ORDER DENYING MOTIONS - 1

defendants with all of the required documents. For example, her summonses to LandAmerica Default Services, Inc., LandAmerica Financial Group, Inc., LandAmerica Insurance Services, Inc., and Popular, Inc. reflect that those entities were served with the summons and complaint, but not with the motions for injunctive relief.

As for Lawyers Title Insurance Corporation, plaintiff has not shown that the Court erred in finding that she had not shown a likelihood of irreparable injury absent an injunction. Although the potential loss of her home is certainly extreme, plaintiff could have paid the amount allegedly owed by June 11, 2007 to halt the sale. Although doing so would have required plaintiff to pay more than she believes she owes, it would result in solely an economic injury to her. Economic injury, by itself, does not constitute irreparable harm. See, e.g., Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) (explaining that "economic injury alone does not support a finding of irreparable harm"). Accordingly, the Court denies plaintiff's motion for reconsideration.

Plaintiff has also filed a motion for a TRO pending resolution of her motion for reconsideration. Because the Court has denied the motion for reconsideration, it denies her motion for a TRO. Furthermore, Popular Mortgage Servicing, Inc., which is responsible for serving the loan to plaintiff, has stated that it will voluntarily continue the foreclosure sale until July 27, 2007. Meanwhile, it will work with plaintiff to attempt to resolve this matter. Therefore, emergency relief from the Court is not warranted at this time.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration (Dkt. #15) and DENIES her second motion for a temporary restraining order (Dkt. #16).

DATED this 18th day of June, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTIONS - 2